UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:      -cv-

ARTURO MARTIN,

    Plaintiff,

v.

AMERICAN TIRE DISTRIBUTORS, INC.,
a Florida Corporation

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, ARTURO MARTIN (hereafter referred to as "Plaintiff"), by and though her undersigned counsel, and sues Defendant, AMERICAN TIRE DISTRIBUTORS, INC., a Florida Corporation (hereafter referred to as "Defendants") stating as follows:

### INTRODUCTION

This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981, the Civil Rights Act of 1866, and Section 760.10 of the Florida Statutes, ("FCRA") to redress injuries resulting from Defendant's unlawful, national origin based discriminatory treatment of and retaliation against Plaintiff.

### JURISDICTION, PARTIES, & VENUE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981, the Civil Rights Act of 1866, and Section 760.10 of the Florida Statutes.

2. The jurisdiction of this Honorable Court is invoked to secure protection of, and redress for, the deprivation of rights guaranteed by the aforementioned federal and state laws.

3. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.A. §§1331, 1343, and 1367.

4. The venue for this action is properly placed in the Southern District of Florida, because events/ employment practices alleged in this Complaint to be unlawful were committed in Broward County, within the jurisdiction of this Honorable court.

5. At all times relevant, Plaintiff was employed by Defendant.

6. Plaintiff is a resident of Broward County, Florida, is of the age of majority, and is otherwise sui juris.

7. Defendant, American Tire Distributors, Inc. is a Florida corporation doing business in Broward County, Florida.

8. Defendant, American Tire Distributors, Inc's principle address 11700 Miramar Parkway, #600, Miramar, Florida 33025.

9. At all relevant times, Defendant was engaged in the tire distribution industry.

## FACTUAL ALLEGATIONS

10. Plaintiff is an individual of Cuban national origin and shares in common a language, specifically Spanish, culture, ancestry, and other social characteristics with other individuals of Cuban ethnicity. Plaintiff is a member of a class of persons protected from discrimination in his employment under 42 U.S.C.A. § 1981 and Title VII of the Civil Rights Act, as amended.

11. On or about July 4, 2006, Plaintiff was employed by Defendant as a driver.

12. On or about February 2019, Plaintiff began to endure discriminatory treatment based on his national origin, when Defendant hired a new general manager, Brian.

13. Brain requested from Plaintiff's supervisor, Ebelio, that Plaintiff's route be changed.

14. Brian requested this change because Plaintiff was not fluent in English.

15. Plaintiff had driving the route for numerous years without any difficulties. He never received any performance warnings as a result of not being fluent in English.

16. Brain had a preference for employees who spoke English.

17. An American employee took over Plaintiff's original route.

18. On or about February 4, 2019, Plaintiff contacted Human Resources to report the discriminatory treatment.

19. Plaintiff spoke with a woman named Rhonda and reported that he felt discriminated against because of his national origin, Cuban.

20. Rhonda did not offer Plaintiff any solutions nor began an investigation.

21. On or about February 10, 2019, after not receiving any help from Human Resources, Plaintiff spoke with another supervisor, Wilfredo, to request a meeting with the manages in order to report the discriminatory treatment. However, no meeting was ever held.

22. Plaintiff was never given the opportunity to actually discuss the discriminatory treatment he endured with anyone from Defendant.

23. On or about March 25, 2019, Plaintiff was terminated by Defendant.

24. American employees were treated differently by Defendant than Plaintiff.

25. As a result of Plaintiff's national origin and reporting of the discriminatory conduct to Human Resources, Plaintiff was terminated by Defendant.

26. Defendant's conduct was knowing, malicious, willful and wanton, and/or showed a reckless disregard to Plaintiff.

27. Plaintiff was qualified for the position of Quality Technician.

28. As a result of aforementioned treatment by Defendants, Plaintiff suffered substantial economic and non-economic damages, harm to his professional and personal reputation, severe mental anguish, and embarrassment.

29. On or about April 19, 2019 Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission (hereafter referred to as the "EEOC").

30. On or about November 18, 2020, Plaintiff received a "Notice of Suit Rights" from the EEOC.

## COUNT I
## DISCRIMINATION BASED ON NATIONAL ORIGIN

31. Plaintiff realleges and reaffirms the allegations contained in the above paragraphs 1 through 30, as if fully set forth herein.

32. Defendant engaged in and allowed policies and practices that willfully, intentionally, and unlawfully discriminated against Plaintiff based on his national origin. Defendant has engaged in a pattern of continuous discrimination against Plaintiff because she is of Cuban national origin.

33. Defendant was aware that Plaintiff was singled out for mistreatment in a discriminatory manner because of his national origin. Defendant participated in, were aware of, and/or allowed the discrimination. Defendant knew such actions were unlawful but acted in reckless disregard of the law.

34. Defendant's conduct complained of here was willful and in disregard of Plaintiff's protected rights.

35. Plaintiff would have continued in his employment with Defendant, entitled to his wages and benefits, but for the discriminatory conduct of Defendants.

36. As a direct and proximate result of Defendants' discriminatory acts and/or omissions, Plaintiff suffered an adverse employment action, termination, based on his national origin.

37. The conduct of Defendant, by and through the conduct of its employees, agents, and/or representatives, and the Defendant's endorsement of discriminatory activities, and Defendant's failure to address, mitigate, and/or take remedial actions to prevent such discrimination toward Plaintiff, deprived Plaintiff of his statutory rights under federal and state law.

38. As a result of Defendant's acts and/or omissions, Plaintiff suffered both irreparable injury and compensable damages.

39. Plaintiff was forced to retain undersigned counsel to prosecute his claims and is entitled to attorneys' fees pursuant to 42 U.S.C.A. § 1988, the Civil Right Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff, Arturo Martin, respectfully requests this Honorable Court enter judgment for Plaintiff and against Defendant containing the following relief:

   a. A declaratory judgment that the aforementioned actions, conduct, and practices of Defendants violate the laws of the United States and the State of Florida;

   b. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and or economic harm;

   c. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including, but not limited to, compensation for his mental anguish, humiliation, embarrassment,

stress, anxiety, emotional pain and suffering, emotional distress, and /or physical injuries;

d. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

e. An award of punitive damages;

f. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

g. Such other and further relief as the Court may deem just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

40. Plaintiff re-alleges and re-affirms Paragraphs 1-30 as is it is fully set forth herein.

41. Plaintiff is a member of a class of persons protected from discrimination in his employment under 42 U.S.C.A. § 1981 and Title VII of the Civil Rights Act, as amended.

42. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under Title VII of the Civil Rights Act by reporting the discriminatory behavior to Human Resources and to his supervisor.

43. Plaintiff was terminated as a result of his national origin and his reporting of national origin based discrimination.

44. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived Plaintiff of statutory rights under federal law.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices and until this honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

  a. A declaratory judgment that the aforementioned actions, conduct, and practices of Defendants violate the laws of the United States and the State of Florida;

  b. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and or economic harm;

  c. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including, but not limited to, compensation for his mental anguish, humiliation, embarrassment,

stress, anxiety, emotional pain and suffering, emotional distress, and /or physical injuries;

d. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

e. An award of punitive damages;

f. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

g. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims.

Respectfully submitted,

**GALLARDO LAW OFFICE, P.A.**
*Attorney for Plaintiff*
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: _____
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com